```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | 1:10-cv-1696 OWW SMS |
| Plaintiff, ) | SCHEDULING CONFERENCE ORDER |
| v. ) | Discovery Cut-Off: 9/30/11 |
| ANGELA CARDOSO OLIVEIRA, et al., ) | Non-Dispositive Motion Filing Deadline: 10/14/11 |
| Defendants. ) | Non-Dispositive Motion Hearing Date: 11/18/11 9:00 Ctrm. 7 |
| | Dispositive Motion Filing Deadline: 11/2/11 |
| | Dispositive Motion Hearing Date: 12/5/11 10:00 Ctrm. 3 |
| | Settlement Conference Date: 10/12/11 10:00 Ctrm. 7 |
| | Pre-Trial Conference Date: 1/9/12 11:00 Ctrm. 3 |
| | Trial Date: 2/28/12 9:00 Ctr. 3 (JT-3 days) |

I.   Date of Scheduling Conference.

     February 10, 2011.

II.  Appearances Of Counsel.

     Thomas P. Riley, Esq., appeared on behalf of Plaintiff.

     Michael J. F. Smith, Esq., appeared on behalf of Defendant.

1

III.   Summary of Pleadings.

    1.   Plaintiff, J & J Sports Productions, Inc., a closed-circuit distributor of sports and entertainment programming, claims that Defendant Angela Cardoso Oliveira, individually and d/b/a Stevinson Bar & Grill, exhibited the *"Number One:" The Floyd Mayweather, Jr. v. Juan Manuel Marquez* fight on Saturday, September 19, 2009 (hereinafter *"Program"*) at the establishment the Defendant was operating known as "Stevinson Bar & Grill" without the necessary closed-circuit (commercial) license she was required to obtain from the Plaintiff.

    2.   The Defendant denies exhibition of the *Program*, and/or any liability of any alleged exhibition of the *Program*.

IV.   Orders Re Amendments To Pleadings.

    1.   The parties anticipate amending the pleadings and Plaintiff will do so at the conclusion of discovery.  Defendant reserves the right to amend as necessary and appropriate.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   J & J Sports Productions, Inc., is a corporation licensed to do business in the State of California.

        2.   Defendant Angela Cardoso Oliveira does business individually and fictitiously under the name Stevinson Bar & Grill in Stevinson, California.

        3.   The dispute centers on whether the Defendant exhibited the *"Number One:" The Floyd Mayweather, Jr. v. Juan Manuel Marquez* fight on Saturday, September 19, 2009.

*///*

    B.    Contested Facts.

        1.    All remaining factual issues are contested.

VI.   Legal Issues.

    A.    Uncontested.

        1.    Jurisdiction exists under 28 U.S.C. § 1331 and 47 U.S.C. §§ 553, et seq.  Supplemental jurisdiction is also invoked under 28 U.S.C. § 1367.

        2.    Venue is proper under 28 U.S.C. §§ 14605, et seq.

        3.    The parties agree that the substantive law of the State of California provides the rule of decision for supplemental claims.

    B.    Contested.

        1.    All remaining legal issues are disputed.

VII.  Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

    1.    The parties have not yet commenced discovery in this action.  If such becomes necessary the parties will utilize Interrogatories, Requests for Production, and Requests for

3

Admissions.

2. The Plaintiff also anticipates deposing the Defendant, along with the Defendant's personnel who were working on the night Plaintiff alleges its *Program* was broadcast at the Defendant's establishment. Plaintiff also anticipates deposing each of the patrons that were inside Defendant's establishment on the night Plaintiff alleges its *Program* was unlawfully broadcast, along with the Defendant, bookkeepers, and/or her accountants. Plaintiff may also conduct a site inspection of the Defendant's cable and/or satellite transmission system, should technical issues arise involving reception of the Plaintiff's *Program*.

3. Defendant will take appropriate depositions, after determining the relevant personnel.

4. The Plaintiff will provide Defendant with its initial disclosures on or before March 3, 2011.

5. The parties propose that discovery not be limited or conducted in phases, nor focused on one particular issue, and further proposes that all discovery be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

6. The parties are ordered to complete all discovery on or before September 30, 2011.

7. The parties are directed to disclose all expert witnesses, in writing, on or before August 1, 2011. Any rebuttal or supplemental expert disclosures will be made on or before September 1, 2011. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the

written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    8.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts shall be fully prepared to be examined on all subjects and opinions included in the designation and their reports, which shall include every opinion to be rendered and all reasons for each opinion.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before October 14, 2011, and heard on November 18, 2011, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251 and this schedule.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than November 2, 2011, and will be heard on December 5, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

    1.   January 9, 2012, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court insists upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.   February 28, 2012, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

        a.   Two to three days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.   A Settlement Conference is scheduled for October 12, 2011, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.    Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.    The Confidential Settlement Conference Statement shall include the following:

7

        a.    A brief statement of the facts of the case.

        b.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.    A summary of the proceedings to date.

        d.    An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.    The relief sought.

        f.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.    None.

XVI. Related Matters Pending.

    1.    There are no related matters.

XVII.    Compliance With Federal Procedure.

    1.    The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

///

XVIII.   Effect Of This Order.

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   February 10, 2011              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE